# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.H., J.H., J.H., and J.H.**

**No. 13-1043** (Mercer County 11-JA-57 through 11-JA-59 & 13-JA-006)

## MEMORANDUM DECISION

Petitioner Father, by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's order entered on July 15, 2013, terminating his parental rights to his children, J.H.-1, J.H.-2, J.H.-3, and J.H.-4.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by Angela Alexander Walters, its attorney, filed its response in support of the circuit court order. The guardian ad litem, Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that he should have been granted an improvement period for his youngest child, J.H.-4, and that the circuit court abused its discretion by terminating his parental rights to all four children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition in April of 2011, which included allegations of abuse and neglect against the three oldest children by four different adult respondents. The petition alleged that petitioner admitted to using intravenous drugs about two months prior and that he most recently used unprescribed Xanax and marijuana. The circuit court granted petitioner a post-adjudicatory improvement period in June of 2011 after he stipulated to his neglect of J.H.-1, J.H.-2, and J.H.-3. The circuit court granted petitioner a number of extensions to his improvement period throughout this case, all with directions to submit to random drug screens and to participate in substance abuse treatment.

In the summer of 2012, J.H.-4 was born, but was not removed from petitioner's home. In January of 2013, petitioner tested positive for unprescribed suboxone in violation of the terms of his improvement period and the DHHR added J.H.-4 to a supplemental petition soon thereafter. At the supplemental adjudicatory hearing in April of 2013, petitioner tested positive for suboxone and marijuana and agreed, on cross-examination, that the issues that led to the filing of the petition against him had not been resolved. The circuit court adjudicated J.H.-4 as a neglected child and removed J.H.-4 from petitioner's home. The DHHR's case summary report from June

---

[1] Because the children in this case have the same initials, we have distinguished each of them using numbers 1, 2, 3, and 4 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

1

of 2013 indicated that petitioner failed to visit any of the three older children after February of 2013 or his youngest child after April of 2013 due to noncompliance with drug screens. By order entered on July 15, 2013, the circuit court terminated petitioner's parental rights to all four children without granting an additional improvement period. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error. First, he argues that the circuit court erred in terminating his parental rights to J.H.-4 without granting him an improvement period so that he could have had the opportunity to work towards reunification with J.H.-4. Second, petitioner argues that the circuit court abused its discretion by terminating his parental rights to all of his children.

Petitioner's argument that he was entitled to an improvement period for J.H.-4 lacks merit. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will fully participate with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. Further, this Court instructed circuit courts not to unnecessarily extend abuse and neglect proceedings when it held that

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

2

Upon our review, we find no error by the circuit court in this regard. A copy of the transcript for the supplemental adjudicatory hearing on J.H.-4 reveals that petitioner was still engaging in substance abuse by testing positive for suboxone and marijuana that same day. The DHHR court summary of this hearing also indicated that petitioner previously tested positive for suboxone, cocaine, and marijuana, and refused to submit to a couple of his other drug screens, contributing to his "downward spiral." Given that petitioner was afforded other opportunities through improvement period extensions beginning in 2011, the circuit court clearly did not err in denying petitioner's request for yet another improvement period as it concerned J.H.-4.

Petitioner's argument that the circuit court erred in terminating his parental rights to all four children also lacks merit. West Virginia Code § 49-6-5(b)(3) explains that circumstances in which a parent fails to respond to rehabilitative efforts or a reasonable family case plan are considered circumstances in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The record reflects that petitioner received several improvement periods, but was unable to address the circumstances that gave rise to the conditions of neglect for each of the children, namely his drug abuse problem. The DHHR's case summary report in June of 2013 revealed petitioner's lack of participation with services, visitations, and drug screens, and that he was arrested for domestic battery in the previous month. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), and in conjunction with West Virginia Code § 49-6-5(b)(3), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the children.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II